JOHN GADEIKIS *et al.*, Plaintiffs-Appellants, v. HARRY "BUS" YOURELL, as Recorder of Deeds, Cook County, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 87—2796

Opinion filed May 9, 1988.

Richard A. Kerwin and John E. Coffey, both of Lucas, Murphy, Kerwin & Coffey, and Kenart M. Rahn, both of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Susan Condon and Patricia M. Shymanski, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from a summary judgment and dismissal of an action seeking declaratory judgment that the statutes specified below violated article VII, section 9(a), of the Illinois Constitution of 1970. (Ill. Const. 1970, art. VII, §9(a).) The trial court upheld challenged statutes. For the reasons below, we affirm.

Public Act 83—1321 (Ill. Rev. Stat. 1985, ch. 115, par. 9.07), Public Act 84—1464 (Ill. Rev. Stat. 1987, ch. 115, par. 9.07), and Cook County Ordinances 126617 and 141697 (the challenged statutes) authorize the Cook County Recorder of Deeds to collect an additional fee to be deposited by the Cook County Treasurer into a special fund. The special fund is to be used solely for the installation and maintenance of a computerized document storage system in the Recorder's office. Since 1984, defendants-appellees Yourell (the Recorder) and Rosewell (the Treasurer) have collected and deposited fees pursuant to the challenged statutes. The funds have been disbursed to purchase and lease the equipment, materials, and services necessary to maintain the computerized document storage system in the Recorder's office of Cook County.

Appellants John and Neda Gadeikis (Gadeikis) have paid the additional fees and filed a class action seeking declaratory judgment and injunctive relief, alleging that the public acts and Cook County ordinances specified above violated article VII, section 9(a), of the Illinois Constitution of 1970, which states in part, "[c]ompensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected." (Ill. Const. 1970, art. VII, §9(a).) On cross-motions for summary judgment, the trial court denied Gadeikis' motion and upheld the challenged statutes as constitutional. From this ruling, plaintiffs appeal.

The issue on appeal is whether legislation that authorizes the collection of additional fees by the Recorder and deposit of those fees into a special fund by the Treasurer to pay automation costs in the Recorder's office conforms to the constitutional mandate that fees shall not be used to pay office expenses. Gadeikis argues that the challenged statutes are unconstitutional because they authorize a special fund which is derived solely from fees collected, and used solely to pay for a particular office expense, contrary to the clear prohibition of section 9(a). Appellees contend, and the court agrees, that because the statutes satisfy the intent of section 9(a), they are constitutional and should be upheld.

■ In construing the challenged statutes the court must ascertain and give effect to the legislature's intent, presuming that in enacting

the statutes the legislature acted in light of the provisions of the constitution and intended to enact a statute consistent with the constitution. Where the letter of the statute conflicts with the spirit of it, the spirit will be controlling. (See *Gill v. Miller* (1983), 94 Ill. 2d 52, 56, 445 N.E.2d 330.) Although the challenged statutes appear to conflict with section 9(a) by segregating fees to pay an office expense, the spirit of the statute conforms to both the letter and the intent of the Constitution.

■ Article VII, section 9(a), of the Illinois Constitution of 1970 is intended to eliminate the "fee office," in which the salaries and compensation of officers and employees, and office expenses, were paid from the fees collected. Under the fee office system, the recorder of deeds retained control of fees collected in accounts separate from other government offices. The recorder exercised sole discretion over disbursement of funds from the accounts, and accounted to the county treasurer for the funds only twice a year. Compensation was generally low, and attracting competent people to work in the recorder's office was difficult. Section 9(a) ameliorated problems of the fee office by requiring salaries and expenses to be independent of collected fees and by requiring that collected fees be deposited upon receipt with the treasurer. The recorder relinquished control of the collected fees, accounts were centralized, and the authority for payment of expenses rested with the purchasing and appropriation authority of the local government. See 7 Record of Proceedings, Sixth Constitutional Convention 1720-25.

■ Under the challenged statutes, the additional fees are deposited with the Treasurer. The Treasurer is authorized to create the special fund and account for the funds. The county board makes appropriations from the fund, the purchasing agent for the county makes the contracts, and the funds are disbursed by the comptroller. The Recorder maintains no separate accounts, pays no automation expenses directly, and does not determine the rate of expenditure. Fees collected by the Recorder are deposited into the general fund, where they are accounted for, and are used to pay salaries and office expenses. Since the payment of salaries and expenses from the general fund, which consists in part of fees collected, is constitutional, it cannot be said that payment of an office expense from a special fund consisting of money from the general fund is unconstitutional. Gadeikis urges this court to draw an illusory distinction between the general fund of the county and the special fund drawn from the county fund.

In summary, the language and intent of Article VII, section 9(a), require that the Recorder act merely as a conduit through which fees

collected are deposited upon receipt with the Treasurer, where the fees are accounted for in centralized accounts, and expenditures are supervised by the county board. The challenged statutes provide revenue for a necessary expenditure while conforming to the constitutional intent that accounting, appropriation and disbursement of funds for the recorder's office be separated from the collection of the funds.

Therefore, the decision of the trial court, upholding the constitutionality of Public Act 83—1321 (Ill. Rev. Stat. 1985, ch. 115, par. 9.07), Public Act 84—1464 (Ill. Rev. Stat. 1987, ch. 115, par. 9.07), and Cook County Ordinances 126617 and 141697, is affirmed.

Affirmed.

BUCKLEY and MANNING, JJ., concur.